NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD C. PATTERSON,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2011-3209

---

Petition for review of the Merit Systems Protection Board in Case No. DE0752890371-C-5.

---

Decided: February 8, 2012

---

EDWARD C. PATTERSON, of Sontag, Mississippi, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges*.

PER CURIAM.

This appeal concerns the timeliness of a petition filed by Edward C. Patterson ("Patterson") on October 28, 2010, to enforce terms of a settlement agreement he executed with the United States Postal Service (the "Agency") on November 16, 1989. A final order of the Merit Systems Protection Board (the "Board") dismissed Patterson's petition as untimely filed. We affirm.

## BACKGROUND

The enforcement petition at issue in this case is the fifth such petition filed by Patterson over the same settlement agreement. The initial decision of the administrative judge summarizes the pertinent facts regarding Patterson's removal from employment in 1988 and the resulting settlement agreement that he executed with the Agency on November 16, 1989. R.A. 2-6. The initial decision also describes Patterson's four prior petitions to enforce various terms of the agreement, all of which were dismissed by the Board. *Id.*

Patterson filed the present enforcement petition on October 28, 2010. The petition alleges that the Agency did not make back pay payments for the period of March 1988 to October 1989 as required under the settlement agreement,[1] and that the Agency further breached the agreement "by not reinstating me with all benefits." R.A. 21. Upon receipt of the petition, the administrative judge

---

[1] In a later filing with the administrative judge, Patterson asserted that the Agency failed to make back pay payments from March 1988 to *November 1989*. R.A. 50.

ordered Patterson to file evidence and argument as to why his petition should not be dismissed as previously decided by the Board or as untimely filed. R.A. 23-26, 43-46. On the question of res judicata, Patterson responded by referencing a clause in the settlement agreement stating that the "conditions of this agreement are mutually dependent and inseparable." R.A. 50. On the issue of timeliness, Patterson argued that "to deny on the cause of timeliness would make the agreement separable." *Id.*

In her initial decision dated February 15, 2011, the administrative judge found that Patterson's petition for enforcement was untimely filed and that no good cause existed for the delay. R.A. 5-6. Regarding timeliness, the administrative judge noted that Patterson failed to explain when he learned of the alleged breach of the settlement agreement, why he did not raise this issue in his four prior petitions for enforcement, and why he waited twenty-one years from the date of the settlement agreement to raise his concerns. As for the lack of good cause for delay, the administrative judge found that Patterson failed to establish that he acted reasonably and with diligence in filing his petition so long after the settlement agreement was executed. Patterson petitioned for review to the full Board, which denied his request in an order dated August 9, 2011. R.A. 13. The opinion of the administrative judge thus became the final decision of the Board.

Patterson appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of final decisions of the Board is circumscribed by statute. We may reverse a decision of the Board only if it is:

   (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   (2) obtained without procedures required by law, rule, or regulation having been followed; or

   (3) unsupported by substantial evidence[.]

5 U.S.C. § 7703(c) (2006).

A petition for enforcement alleging a breach of a settlement agreement must be filed within a reasonable amount of time after the date the petitioning party becomes aware of a breach of the agreement. *Kasarsky v. Merit Sys. Prot. Bd.*, 296 F.3d 1331, 1335 (Fed. Cir. 2002). In this case, Patterson failed to explain, in response to the administrative judge's request, when he became aware of the alleged breach of the settlement agreement or why he waited twenty-one years after the execution of the agreement to file his petition. Substantial evidence therefore supports the Board's determination that Patterson's petition for enforcement was untimely and that no good cause existed for the delay. Accordingly, we affirm the final decision of the Board.

### AFFIRMED